UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | |
| | : | |
| JASON RYAN MARTIN | : | CHAPTER 13 |
| AMANDA GAYLE MARTIN | : | |
|   Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | CASE NO. 1-25-bk-00010 |
| STANDING CHAPTER 13 TRUSTEE | : | |
|   Movant | : | |
| | : | |
| JASON RYAN MARTIN | : | |
| AMANDA GAYLE MARTIN | : | |
|   Respondent | : | |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 20th day of March 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Plan payment calculation sum of Lines 34, 35, 36 and 45.
   b. Debtor's monthly disposable income is $3,905.90 and the plan payment is only $1,150.00.

2. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(2) in that Debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. §507.

3. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

4. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

      a. The Plan is underfunded relative to claims to be paid, as to amount paid to general unsecured creditors.

5. Debtor has not demonstrated that all tax returns have been filed as required by §1325(a)(9).

6. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

      a. Debtor(s) has not provided to Trustee copies of the 2024 federal income tax returns as required by §521(e)(2)(A).

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

      a. Deny confirmation of Debtor(s)' Plan.
      b. Dismiss or convert Debtor(s)' case.
      c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Agatha R. McHale
     Attorney for Trustee

## CERTIFICATE OF SERVICE

       AND NOW, this 20th day of March 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. HALEY ROHRBAUGH  
CGA LAW FIRM, P.C.  
135 NORTH GEORGE ST  
YORK, PA   17401-

                                  /s/Tammy Life  
                                  Office of Jack N. Zaharopoulos  
                                  Standing Chapter 13 Trustee